Stephen CHANDLER, Plaintiff,

v.

Curtis P. HARRIS, County Attorney of Oklahoma County, Defendant.

No. A-13866.

Court of Criminal Appeals of Oklahoma.

Nov. 19, 1965.

J. Howard Edmondson, Oklahoma City, John Sheehan, Oklahoma City, for plaintiff.

Curtis Harris, County Atty., Oklahoma City and Charles R. Nesbitt, Atty. Gen., for defendants.

## MEMORANDUM OPINION

BUSSEY, Presiding Judge.

On the 15th day of November, 1965, Petitioner filed an application in this Court requesting that the Court assume original jurisdiction and summarily and finally adjudicate that Petitioner's constitutional rights have been violated. Petitioner requests that this Court issue an Order dismissing the indictment pending against him in the District Court of Oklahoma County, Case No. 31299, wherein he is charged by indictment with the offense of Conspiracy to Defraud the State of Oklahoma. To this application and Petition, the Respondent has filed a Demurrer.

This cause was set for oral argument on November 18, 1965, and was submitted on the record, arguments and citations of authority of the respective parties. It is the position of the Petitioner that he has been denied his right to a speedy determination of his innocence since a preliminary information was filed before Justice of the Peace Jack Freeman on August 25, 1965; said petitioner being denied a hearing on his Motion to Dismiss the information which was frequently urged, but never heard prior to the dismissal of said complaint at the request of the respondent, who, subsequent to the dismissal of said cause, presented the same to the Oklahoma County Grand Jury now in session. The Grand Jury, on November 9, 1965, returned an indictment for the identical charge contained in the original information. The petitioner has attached to his petition exhibits of the records on file in the Oklahoma County Courthouse which he urges this Court to consider as proving the falsity of the charge against him in the indictment.

We are of the opinion that the public interest and that of the petitioner, require a speedy determination of the petitioner's guilt or innocence in a court of competent jurisdiction where both the State and the petitioner will have an opportunity to present competent evidence for a determination of the issue. We are likewise of the opinion that the orderly proc-

esses of law require this determination to be made at the earliest possible time before the trial court. We must assume that the trial court will discharge its duty with dispatch with due regard to the constitutional and statutory rights of the petitioner.

■ The Court of Criminal Appeals is not a trial court and therefore must decline to assume jurisdiction. Application to assume original jurisdiction denied.

NIX and BRETT, JJ., concur.